892 F.2d 1043
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LAKE COAL COMPANY, INC., Plaintiff-Appellant Cross-Appellee,
v.
CONSUMERS POWER CO., Defendant-Appellee Cross-Appellant.
 Nos. 89-5160, 89-5215.
 United States Court of Appeals, Sixth Circuit.
 Jan. 8, 1990.
 
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Plaintiff Lake Coal Company, Inc. ("Lake") appeals from the district court's final amended judgment ordering defendant Consumers Power Company ("Consumers") to pay Lake the balance due under an option contract for the sale of coal.
 
 
 2
 Lake filed suit in Letcher Circuit Court in Whitesburg, Kentucky on May 16, 1985, seeking $444,854.86 from Consumers. In its complaint, Lake contended that the parties entered into a contract on November 15, 1983, in which Consumers agreed to purchase 588,000 tons of coal from Lake. Lake argued that it had earned a premium over and above the base contract price for the coal it had delivered to Consumers. By agreement of the parties, the contract was governed by Michigan law and contained an option allowing Consumers to purchase additional coal tonnage. Consumers exercised the option on February 24, 1984. On diversity grounds, Consumers removed the suit to federal court. In its answer, Consumers admitted that Lake did earn a premium on coal quality. Consumers explained, however, that this premium was offset by the increased cost of the "cover coal" it purchased when Lake failed to provide enough coal to satisfy the terms of the contract. Lake subsequently amended its complaint and requested damages for Consumers' alleged failure to accept coal shipments.
 
 
 3
 On September 27, 1987, the district court issued a memorandum opinion, order and partial summary judgment in favor of Lake. The court ordered Consumers to pay Lake $66,576.36, the balance remaining on Lake's claim for an earned quality premium under the contract, less a set-off for an undisputed sulfur penalty and Consumer's alleged cost of cover. On October 15, 1987, the court entered a memorandum opinion and order, dismissing Lake's claim of force majeure as a contract excuse, as well as Lake's claims for lost profits and consequential damages.
 
 
 4
 The court filed, on October 24, 1988, findings of fact and conclusions of law on Lake's remaining claims. The court held that any damages to Consumers caused by Lake's failure to supply coal tonnage according to the terms of the contract were completely offset by Consumer's substantial freight cost savings arising from its purchase of cover coal. Judgment in the amount of $370,000.00 was entered for Lake. On December 1, 1988, the court entered amended findings of fact and conclusions of law, as well as an amended judgment, pursuant to Consumers' motion. After recalculating the freight costs saved by Consumers in effecting cover, the court ordered as follows:
 
 
 5
 (1) That the plaintiff is liable to the defendant for breach of contract damages totalling $360,298. This is the sum of excess costs claimed by the defendant for effecting cover, less expenses saved as a result of the breach.
 
 
 6
 (2) That the defendant is liable to the plaintiff for the sum of $370,000, for earned credit under the contract. This sum is set-off against the liability of Lake on the breach of contract. Therefore, the defendant is liable to the plaintiff in the amount of $9,702, plus interest at 12% per year from the time of filing of the plaintiff's complaint until the time the judgment is satisfied.
 
 
 7
 Lake Coal Co., Inc. v. Consumers Power Co., No. 85-250 (E.D.Ky. Dec. 1, 1988) (amended judgment).
 
 
 8
 On January 11, 1989, the court entered an order and a final amended judgment which incorporated the court's judgments of September 27, 1987, October 24, 1988 and December 1, 1988. The final amended judgment of January 11, 1989 supplemented the amended judgment entered December 1, 1988, as follows:
 
 
 9
 (3) That the defendant remains liable to the plaintiff for $66,576.36 on partial summary judgment entered September 27, 1987, plus interest thereon of 12% per year, compounded annually, from the time the plaintiff instituted this action until the judgment is satisfied, pursuant to M.C.L.A. Section 600.6013(4).
 
 
 10
 Lake Coal Co., Inc. v. Consumers Power Co., No. 85-250 (E.D.Ky. Jan. 11, 1989) (final amended judgment).
 
 
 11
 On appeal, Lake disputes the district court's estimate of the freight costs saved by Consumers and argues that this court should reverse the amended judgment of the district court entered on December 1, 1988, and the final amended judgment of the district court entered on January 11, 1989. We find Lake's arguments unpersuasive.
 
 
 12
 After careful consideration of the record, the briefs submitted, and the arguments of counsel, we find no errors in the disposition of this case by Magistrate Joseph M. Hood and the Honorable Scott Reed, United States District Court for the Eastern District of Kentucky.
 
 
 13
 Accordingly, we hereby AFFIRM based on the district court's order and final amended judgment entered on January 11, 1989.